IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| PAUL T. WHEELER<br>SHARON A. WHEELER, | : | BANKRUPTCY NO.: 5-15-bk-03412-JJT |
| DEBTORS | : | |
| SHARON A. WHEELER, | : | {**Nature of Proceeding**: Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #5)} |
| PLAINTIFF | : | |
| vs. | : | |
| EDUCATIONAL CREDIT<br>MANAGEMENT CORPORATION, | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-16-ap-00019-JJT** |

# OPINION

The female Debtor, Sharon A. Wheeler, has filed a Complaint to Determine Dischargeability with regard to a student loan obligation. The Debtor filed a Chapter 13 bankruptcy case on August 7, 2015. A Plan confirmed by the Court schedules payments through August 2020.

The Defendant, Educational Credit Management Corporation, has moved to dismiss the Complaint arguing that there is no case or controversy until a discharge is entered and since that won't occur until, at least, 2020, this Court has no jurisdiction to resolve the issue. The Defendant has briefed this issue. On the other hand, the Debtor-Plaintiff, despite responding to the Motion, has not briefed the issue. Local District Court Rule 7.6, incorporated by Local Bankruptcy Rule 7002-1, requires the filing of a brief within 14 days by a party opposing a motion, otherwise the motion is deemed unopposed. The Motion to Dismiss is, therefore, deemed unopposed.

Notwithstanding that deficiency, even though is no controlling authority guiding a decision on the merits of the Motion, there are four Circuit cases that have addressed the issue: *In re Cassim*, 594 F.3d 432, 438 (6th Cir. 2010); *Educational Credit Management Corp. v. Coleman (In re Coleman)*, 560 F.3d 1000 (9th Cir. 2009); *Bender v. Educational Credit Management Corp. (In re Bender)*, 368 F.3d 846 (8th Cir. 2004); and *Ekenasi v. Education Resources Institute (In re Ekenasi)*, 325 F.3d 541 (4th Cir. 2003). While those cases discuss the difficulty of determining presently the hardship a debtor faces at the time of a future discharge, since that discharge may be years off, none of them hold the bankruptcy court is without jurisdiction to adjudicate the issue.[1] I can surmise, however, that should the Debtor's Plan succeed[2], her circumstances would be quite different in 2020 than they are right now. Such being the case, I am satisfied that this adjudication should take place at a different time closer to the date of discharge. It is for that reason that I will grant the Defendant's Motion to Dismiss without prejudice to the Debtor refiling the Complaint at a more appropriate time.

My Order will follow.

By the Court,

Date: July 18, 2016

John J. Thomas, Bankruptcy Judge
(CMS)

---

[1] The Third Circuit Court of Appeals set forth the following three-part test for the undue hardship exception: ". . . (1) that the debtor cannot maintain, based on current income and expenses, a minimal standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period for student loans; and (3) that the debtor has made good faith efforts to repay the loans." *In re Faish*, 72 F.3d 298, 304-05 (3rd Cir. 1995).

[2] Statistically, only about half of all chapter thirteens eventually receive a discharge. http://www.uscourts.gov/statistics-reports/bapcpa-report-2015.

[K:\Cathy\Opinions-Orders filed 2016\5-16-ap-00019-JJT_Wheeler.pdf]